UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| VALERIE WILDMAN,<br><br>        Petitioner,<br><br>        v.<br><br>UNKNOWN,<br><br>        Respondent. | No. 5:24-cv-00092-MCS-JDE<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED |

**I.**

**INTRODUCTION**

On January 5, 2024, Petitioner Valerie Wildman ("Petitioner"), a state prisoner proceeding pro se and seeking to proceed in forma pauperis, filed a Petition for Writ of Habeas Corpus on a California state form. Dkt. 1 ("Petition" or "Pet."); Dkt. 3 ("IFP Request"). On January 23, 2024, the Honorable Mark C. Scarsi, United States District Judge, found Petitioner had not submitted enough information to determine whether Petitioner is able to pay the filing fee and postponed the IFP Request for 30 days so that Petitioner may provide additional information. Dkt. 5.

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), the Court has reviewed the Petition,

finds it appears to suffer from several defects, and orders Petitioner to respond as set forth further below.

## II.
## PROCEDURAL BACKGROUND

In 2017, a Superior Court of San Bernardino County jury found Petitioner guilty of first degree murder (count 1), attempted robbery (count 2), and two counts of robbery (counts 5 and 6). Pet. at 2 (CM/ECF pagination); People v. Bolden, et al., No. D074574, 2019 WL 3432245, at *1 (Cal. Ct. App. July 30, 2019). The jury found three firearm enhancement allegations true as to counts 1 and 2, one firearm enhancement allegation true as to counts 5 and 6, and found, as to all four counts, Petitioner committed the crimes for the benefit of or in association with a criminal street gang. Pet. at 2; Bolden, 2019 WL 3432245, at *1. Petitioner was sentenced to a determinate prison term of 26 years and an indeterminate term of 50 years to life. Pet. at 2.

Petitioner appealed the judgment of conviction in the California Court of Appeal. Id. at 6. In an unpublished decision issued July 30, 2019, the court of appeal vacated Petitioner's sentence and remanded the matter to the trial court for resentencing to consider whether to strike the firearm enhancements due to a recent amendment and to correct certain errors in Petitioner's determinate and indeterminate abstracts of judgment. Bolden, 2019 WL 3432245 ("Direct Appeal"), at *35; Appellate Courts Case Information ("Appellate Courts") at https://appellatecases.courtinfo.ca.gov.[1] Petitioner's Petition for Review was

---

[1] Courts may take judicial notice of the existence of court filings and another court's orders. See Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of opinion and briefs filed in another proceeding); U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (citation omitted)).

denied on November 13, 2019. See Appellate Courts.

Thereafter, Petitioner appealed the trial court's order denying her petition for resentencing under Cal. Penal Code section 1172.6. People v. Wildman, No. D078745, 2022 WL 17881481, at *1 (Cal. App. Ct. Dec. 23, 2022) ("Resentencing Appeal"). In an unpublished decision issued December 23, 2022, the court of appeal affirmed. Wildman, 2022 WL17881481, at *1; Appellate Courts. Petitioner's Petition for Review was denied by the California Supreme Court on March 3, 2023. Pet. at 6; Appellate Courts.

## III.
## PETITIONER'S CLAIMS

Petitioner characterizes her claims as follows:

Ground One:    "Ineffective assistance of counsel" (Pet. at 3).

Ground Two:    "Insufficient evidence to convict" (Pet. at 7).

## IV.
## DISCUSSION

Pursuant to Habeas Rule 4, a district court "must promptly examine" the petition and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief," the "judge must dismiss the petition." See also Mayle v. Felix, 545 U.S. 644, 656 (2005). Here, the Petition appears subject to dismissal for at least four reasons: (1) Petitioner asserts vague claims, unsupported by statements of specific facts; (2) Petitioner has not exhausted her state court remedies; (3) Petitioner has not submitted her Petition on the form habeas petition approved by the Central District of California; and (4) Petitioner has not named the proper respondent.

**A.    The Petition Lacks Sufficient Factual and Legal Support**

First, the Habeas Rules require a petition state all grounds for relief and the facts supporting each ground, with facts that point to a real possibility of constitutional error and the relationship between the facts and the claim shown.

See Habeas Rule 2(c); Habeas Rule 4, Advisory Committee Notes, 1976 Adoption; Felix, 545 U.S. at 655; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (as amended). Allegations in a petition that are vague, conclusory, palpably incredible, or unsupported by a statement of specific facts, are insufficient to warrant relief, and are subject to summary dismissal. See Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995); James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994); Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

    Here, Petitioner's vague and conclusory allegations are insufficient to warrant habeas relief. For instance, in Ground One, Petitioner refers to various phone records and witnesses that could have been used to prove her innocence, but does not identify either. Pet. at 4. Petitioner also alleges "it was stated that the testimonies should not have an effect/or sway the jury" but it is unclear what she is referring to and how this relates to her ineffective assistance of counsel claim. Id. In Ground Two, the Petition states, in its entirety, "insufficient evidence to convict." Id. at 5. It is not apparent whether Petitioner is challenging all her convictions based on Jackson v. Virginia, 443 U.S. 307 (1979), the case setting forth the federal habeas sufficiency-of-the-evidence standard, however, as Petitioner does not rely on this case and cites other cases, none of which, as far as the Court can tell, relate to an insufficiency of the evidence claim. Further, in the supporting facts section, Petitioner raises other allegations that do not appear related to a sufficiency of the evidence claim, such as contentions that her constitutional right to present a defense was denied and her co-defendant made false accusations. Pet. at 5. It is unclear whether Petitioner intends to assert additional grounds for relief. As such, the Petition lacks sufficient factual and legal support.

    **B.**    **The Petition Is Mixed or Entirely Unexhausted**

    Second, Petitioner does not appear to have exhausted her claims. Under 28 U.S.C. § 2254(b)(1), federal habeas relief may not be granted unless

Petitioner has exhausted the remedies available in state courts or an exception to the exhaustion requirement applies. The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

Exhaustion requires that the petitioner's claims be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. James, 24 F.3d at 24; Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979); see also Libberton v. Ryan, 583 F.3d 1147, 1164 (9th Cir. 2009). A claim has not been fairly presented to a state court unless the petitioner has described both the operative facts and the federal legal theory on which the claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 275-78 (1971); Greenway v. Schriro, 653 F.3d 790, 801 (9th Cir. 2011). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22 (1982). Petitioner has the burden of demonstrating that she has exhausted her available state remedies. See, e.g., Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam).

Here, Petitioner does not indicate whether she exhausted either of the purported grounds for relief. In the Petition, she lists three claims that she raised in her petition for review on her Resentencing Appeal: (1) insufficient evidence; (2) prosecutorial misconduct; and (3) insufficient corroboration of accomplice testimony. Pet. at 6. Petitioner does not claim she raised a claim corresponding with Ground One in this petition for review and she does not otherwise list the claims she raised in her petition for review on Direct Appeal.

Based on the records available electronically, it appears Petitioner previously raised an ineffective assistance of counsel claim in her Direct Appeal (Direct Appeal at 65-77), however, that claim was based on allegations the trial attorney should not have stipulated to admit Petitioner's second and third police interviews, and should have sought to exclude them as "fruit of the poisonous tree," which appears fundamentally different from Ground One, where Petitioner contends her trial attorney failed to present evidence that would have proved her innocence such as phone records or other witnesses. A review of the state supreme court's online docket reflects that Petitioner has not otherwise collaterally challenged her conviction in the California Supreme Court. See Appellate Courts. Thus, it appears Ground One is unexhausted, rendering the Petition, at a minimum, "mixed" and subject to dismissal.

It is unclear whether Petitioner exhausted Ground Two, because, as discussed above, Petitioner has not clearly set forth this claim, and consequently the Court cannot determine the nature of Petitioner's claim. To the extent Petitioner is raising a Jackson claim as to all of her convictions, this claim is potentially unexhausted. Petitioner has not attached either of the petitions for review, but based on the state court records available electronically, it appears she raised an insufficiency of the evidence claim as to the corroboration of the accomplices' testimony (Direct Appeal at 42-47) and an insufficiency of the evidence claim challenging the court's finding she was a major participant in the robbery with reckless indifference to human life (Resentencing Appeal at 1-2) in the California Court of Appeal.[2] If these issues were subsequently raised in a petition for review, these claims are potentially exhausted, but Petitioner does not appear to be raising them here, and they

---

[2] Petitioner also raised a claim that insufficient evidence supported the gang enhancement finding. Direct Appeal at 53-56. However, she does not appear to be raising this claim as she does not reference the gang enhancement finding.

may not be cognizable as both claims appear to solely raise issues of state law.[3] In any event, as mentioned, at a minimum, the Petition is mixed, as at one claim is unexhausted and Petitioner has not shown an exception to the exhaustion requirement applies. Thus, the Petition is subject to dismissal on this basis.[4]

### C. The Petition Was Submitted on the Wrong Form

Third, the Petition was not submitted on a form approved by this district. Rule 2(d) of the Habeas Rules authorizes district courts to require habeas petitions be filed in a form prescribed by the Local Rules. This Court

---

[3] See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (in conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States; habeas relief is not available for an alleged error in the interpretation or application of state law).

[4] A 1-year statute of limitations applies to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). Courts have the discretion to stay a wholly unexhausted or mixed petition in "limited circumstances" so that a petitioner may present her unexhausted claims to the state courts without losing her right to federal habeas review due to the limitation period. Rhines v. Weber, 544 U.S. 269, 273-75 (2005); Wooten v. Kirkland, 540 F.3d 1019, 1023 (9th Cir. 2008). Under Rhines, 544 U.S. at 277-78, a court must stay a petition only if petitioner can show: (a) she has good cause for her failure to exhaust her claims; (b) the unexhausted claims are potentially meritorious and not "plainly meritless"; and (c) there is no indication that petitioner engaged in abusive litigation tactics or intentional delay. See also Mena v. Long, 813 F.3d 907, 908 (9th Cir. 2016). Alternatively, courts may grant stays under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (as amended), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007), which does not have the Rhines good cause requirement. King v. Ryan, 564 F.3d 1133, 1140 (9th Cir. 2009). Under a Kelly stay, a petitioner must dismiss her unexhausted claims and ask the court to stay any remaining fully exhausted claims while she returns to state court to exhaust her dismissed claims. However, a petitioner seeking to use the Kelly procedure will be able to amend her unexhausted claims back into her federal petition once she has exhausted them only if those claims are determined to be timely. Id. at 1140-41. Here, Petitioner has not requested a stay under Rhines and/or Kelly and it is not clear, based on the Petition, that a stay would be available under either, although the Court makes no ruling on the potential issue at this time.

has such a Local Rule. See Local Rule 83-16.1 ("A petition for writ of habeas corpus . . . shall be submitted on the forms approved and supplied by the Court."). The Petition is subject to dismissal for failure to use a Court-approved form.

### D. Petitioner Failed to Name the Proper Respondent

Fourth, Petitioner has not named any respondents. The Ninth Circuit has held the failure to name the correct respondent destroys personal jurisdiction. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (as amended); Stanley v. Cal. Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (as amended). Typically, the proper respondent for a habeas petition is the warden of the facility in which the petitioner is incarcerated. See Stanley, 21 F.3d at 360; see also Habeas Rule 2(a) ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."). Thus, Petitioner must name the warden where she is currently incarcerated.

## V.
## ORDER

For the foregoing reasons, the Petition is subject to dismissal. Petitioner is ORDERED TO SHOW CAUSE, in writing, by **no later than thirty (30) days from the date of this Order**, why this action should not be dismissed under Habeas Rule 4 for the reasons stated above. To the extent Petitioner contends she has exhausted her state court remedies, Petitioner is directed to provide information regarding her efforts to exhaust her claims in the state courts, and attach copies of any documents establishing that her claims are indeed exhausted.

Alternatively, Petitioner may file an amended petition **within thirty (30) days of the date of this Order** to attempt to cure the above-referenced defects.

<u>The Clerk is directed to send Petitioner a blank copy of the Central District habeas petition form for this purpose</u>. The amended petition should reflect the same case number, be clearly labeled "First Amended Petition," and be filled out completely, including naming the appropriate respondent. In ¶ 8 of the First Amended Petition, Petitioner should specify separately and concisely each federal constitutional claim that she seeks to raise and answer all of the questions pertaining to each such claim. If Petitioner contends that she exhausted her state remedies, she should list such filings in ¶¶ 4-6 of the habeas petition form. Petitioner should specify all of the grounds raised in such filings, along with the case number, the date of decision, and the result.

Petitioner is cautioned that a failure to respond timely in compliance with this Order will result in this action being dismissed for the foregoing reasons, for failure to prosecute, and for failure to comply with a Court order. <u>See</u> Fed. R. Civ. P. 41(b).

The foregoing is subject to any ruling by the District Judge on Petitioner's IFP Request.

Dated: February 12, 2024

                                                   _____
                                                   JOHN D. EARLY
                                                   United States Magistrate Judge